UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | INFORMATION |
| -v.- | : | 13 CRIM 174 |
| YVONNE SEGGERMAN, | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: MAR 14 2013

COUNT ONE
(Conspiracy)

The United States Attorney charges:

1. At all times relevant to this Information, the Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering and enforcing the tax laws of the United States and collecting the taxes owed to the Treasury of the United States.

2. At all times relevant to this Information, YVONNE SEGGERMAN, the defendant, was a United States citizen who resided in Cumberland, Rhode Island and who maintained an undeclared Swiss bank account — that is, an account that was not properly disclosed and reported to the IRS.

3. A co-conspirator not named as a defendant herein was a lawyer based in Zurich, Switzerland (the "Swiss Lawyer"), who worked with YVONNE SEGGERMAN, the defendant, among others, in opening and maintaining undeclared Swiss and other foreign bank accounts, as well as entities, such as corporations and trusts, that nominally

JUDGE ENGELMAYER

owned and controlled those accounts.

4. A co-conspirator not named as a defendant herein was Michael Little, a United Kingdom citizen, financial advisor, and, beginning in or around 2005, an attorney licensed to practice in the United Kingdom and New York. Little, a green card holder who maintained a law office in New York between 2005 and 2008, worked with YVONNE SEGGERMAN, the defendant, and other co-conspirators in implementing financial transactions and other schemes in order to surreptitiously transfer assets and funds from foreign entities and accounts, including undeclared Swiss bank accounts, to United States citizens and their U.S.-based bank accounts and entities.

5. A co-conspirator not named as a defendant herein was an accountant based in Cranford, New Jersey (the "New Jersey Accountant"), who, together with Michael Little and the Swiss Lawyer, assisted YVONNE SEGGERMAN, the defendant, and other co-conspirators in effectuating the surreptitious transfer of assets and funds from undeclared foreign bank accounts and entities into the United States without being detected by the IRS. Among the entities that YVONNE SEGGERMAN, the New Jersey Accountant, and Michael Little utilized in carrying out the surreptitious transfers was Steiner Productions LLC, a United States partnership owned principally by another member of the SEGGERMAN family and of which Michael Little urged YVONNE SEGGERMAN to become a nominal 1% owner.

### Estate Tax Obligations

6. Executors of estates have an obligation to file a United States Estate

(and Generation-Skipping Transfer) Tax Return, IRS Form 706 ("Estate Tax Return"), generally within nine months of the death of a decedent. The estate tax is a tax imposed on the transfer of the taxable estate of the decedent. Computation of the estate tax includes, among other things, ascertainment of the fair market value of everything, throughout the world, that the decedent owned or had an interest in at the date of death, including cash and securities, real estate, insurance, trusts, annuities, business interests, and other assets. The total value of all of these items constitutes the decedent's "gross estate." After determining the gross estate, certain deductions are allowed in arriving at the amount of the decedent's "taxable estate." These deductions may include mortgages and other debts, estate administration expenses, property that passes to surviving spouses, and qualified charities. For taxable estates in excess of $3 million, estates of decedents who passed away during the 2001 tax year were required to pay a tax of $1,290,800 for the first $3 million of the taxable estate, plus 55% of any excess amount.

### Obligations Of United States Taxpayers With Respect to Foreign Financial Accounts

7.  Citizens and legal residents of the United States who have income in any one calendar year in excess of a threshold amount ("U.S. taxpayers") are obligated to file a U.S. Individual Income Tax Return, Form 1040 ("Form 1040"), for that calendar year with the IRS. On Form 1040, U.S. taxpayers are obligated to report their income from any source, regardless of whether the source of their income is inside or outside the United States. In addition, on Schedule B of Form 1040, the filer must indicate whether "at any time during [the relevant calendar year]" the filer had "an interest in or a signature or other

authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account." If the U.S. taxpayer answers that question in the affirmative, then the U.S. taxpayer must indicate the name of the particular country in which the account is located.

8.      Separate and apart from the obligation to file Forms 1040 that include all income, U.S. taxpayers and certain others who have a financial interest in, or signature authority over, a financial account in a foreign country with an aggregate value of more than $10,000 at any time during a particular calendar year are required to file with the IRS a Report of Foreign Bank and Financial Accounts, Form TD F 90-22.1 ("FBAR"). The FBAR for any calendar year is required to be filed on or before June 30 of the following calendar year. In general, the FBAR requires that the U.S. taxpayer identify the financial institution with which the financial account is held, the type of account (either bank, securities, or other), the account number, and the maximum value of the account during the calendar year for which the FBAR is being filed.

### The Estate of The New York Businessman and the Plan to Hide and Maintain Estate Assets in Undeclared Foreign Accounts

9.      In or about May 2001, a prominent New York businessman (the "Businessman"), who was the father of YVONNE SEGGERMAN, the defendant, passed away, leaving an estate valued in excess of approximately $24 million – more than half of which was maintained in undeclared foreign bank and financial accounts. Pursuant to a plan established with YVONNE SEGGERMAN, the defendant, the Swiss Lawyer, Michael Little, and other co-conspirators known and unknown, including various members of

YVONNE SEGGERMAN's family, and in an attempt to conceal the true value of the Businessman's taxable estate, the Businessman arranged for his surviving spouse — a co-executor of the Businessman's estate — to receive after the Businessman's death approximately $5 million from the undeclared foreign bank and financial accounts. This $5 million was in addition to a substantial amount of United States-based money and property left to the Businessman's surviving spouse by the Businessman through his will and certain trusts. The Businessman also arranged for five of his children — four of whom were also co-executors of his estate — each to inherit approximately $1.6 million from the aforementioned foreign bank and financial accounts.

10.     As a result of the successful implementation of the aforementioned plan to hide assets, the Estate Tax Return that was signed by YVONNE SEGGERMAN and other executors, and filed with the IRS in connection with the administration of the Businessman's estate, fraudulently omitted over $12 million in estate assets — $5 million maintained in foreign entities and accounts by the Swiss Lawyer and Michael Little on behalf of the Businessman's surviving spouse, and over $7 million that was maintained in foreign entities and bank accounts, to be divided equally among YVONNE SEGGERMAN and four of her siblings and then directed or maintained pursuant to their wishes.

## Statutory Allegations

11.     From in or about 2001 through in or about 2009, in the Southern District of New York and elsewhere, YVONNE SEGGERMAN, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate and

agree together and with each other to defraud the United States and an agency thereof, to wit, the IRS, and to commit offenses against the United States, to wit, violations of Title 26, United States Code, Section 7206(1).

### Objects of the Conspiracy

12. It was part and an object of the conspiracy that YVONNE SEGGERMAN, the defendant, and others known and unknown, willfully and knowingly did defraud the United States of America and the IRS by impeding, impairing, defeating, and obstructing the lawful governmental functions of the IRS in the ascertainment, evaluation, assessment, and collection of income and estate taxes.

13. It was further a part and an object of the conspiracy that YVONNE SEGGERMAN, the defendant, and others known and unknown, willfully and knowingly would and did make and subscribe and cause others to make and subscribe U.S. Individual Income Tax Returns, Forms 1040, which returns contained and were verified by written declaration that they were made under the penalties of perjury, and that the defendant and her co-conspirators did not believe to be true and correct as to every material matter, in violation of Title 26, United States Code, Section 7206(1).

14. It was further a part and object of the conspiracy that YVONNE SEGGERMAN, the defendant, and others known and unknown, including various members of the Businessman's family, willfully and knowingly would and did subscribe to a false Estate Tax Return, which return contained and was verified by a written declaration that it was made under the penalties of perjury, and which YVONNE

SEGGERMAN, the defendant, and others did not believe to be true and correct as to every material matter, in violation of Title 26, United States Code, Section 7206(1).

## Overt Acts

15. The following overt acts, among others, were committed and caused to be committed, in the Southern District of New York and elsewhere, by YVONNE SEGGERMAN, the defendant, and her co-conspirators in furtherance of the conspiracy and to effect its objects:

    a.    On or about August 8, 2001, YVONNE SEGGERMAN, the defendant, met at the Four Seasons Hotel in New York, New York, with various co-conspirators, including three of her siblings, the Swiss lawyer, and Michael Little.

    b.    On or about October 10, 2001, at the urging of Michael Little and the New Jersey Accountant, YVONNE SEGGERMAN, the defendant, became a one percent owner in Steiner Productions, LLC, an entity used between 2001 and 2010 to surreptitiously transfer assets and funds into the United States from undeclared foreign accounts and entities.

    c.    On or about October 21, 2002, YVONNE SEGGERMAN, the defendant, filed and caused to be filed a false and fraudulent U.S. Individual Income Tax Return, Form 1040, for tax year 2001, which she made and subscribed under penalties of perjury, in that she failed to report her financial interest in at least one foreign bank account.

    d.    On or about October 17, 2003, YVONNE SEGGERMAN, the defendant, filed and caused to be filed a fraudulent U.S. Individual Income Tax Return, Form 1040, for

tax year 2002, which she made and subscribed under penalties of perjury, in that she failed to report her financial interest in at least one foreign bank account.

   e. On or about October 19, 2004, YVONNE SEGGERMAN, the defendant filed and caused to be filed a fraudulent U.S. Individual Income Tax Return, Form 1040, for tax year 2003, which she made and subscribed under penalties of perjury, in that she failed to report her financial interest in at least one foreign bank account.

   f. On or about November 1, 2005, YVONNE SEGGERMAN, the defendant filed and caused to be filed a fraudulent U.S. Individual Income Tax Return, Form 1040, for tax year 2004, which she made and subscribed under penalties of perjury, in that she failed to report her financial interest in at least one foreign bank account.

   g. On or about October 22, 2006, YVONNE SEGGERMAN, the defendant filed and caused to be filed a fraudulent U.S. Individual Income Tax Return, Form 1040, for tax year 2005, which she made and subscribed under penalties of perjury, in that she failed to report her financial interest in at least one foreign bank account.

   h. On or about June 24, 2008, YVONNE SEGGERMAN, the defendant filed and caused to be filed a fraudulent U.S. Individual Income Tax Return, Form 1040, for tax year 2007, which she made and subscribed under penalties of perjury, in that she failed to report her financial interest in at least one foreign bank account.

   i. On various occasions between 2002 and 2008, YVONNE SEGGERMAN, the defendant, traveled from the United States to Switzerland, the United Kingdom, and Canada to pick up cash that YVONNE SEGGERMAN had obtained, with

the help of the Swiss Lawyer, from YVONNE SEGGERMAN's undeclared Swiss bank account. YVONNE SEGGERMAN carried the cash back into the United States generally in amounts of $10,000 or less.

       j.      Between 2002 and 2009, YVONNE SEGGERMAN signed U.S. Returns of Partnership Income, Forms 1065, for Steiner Productions.

       k.      Between 2002 and 2009, Michael Little caused tens of thousands of dollars to be wire-transferred on a monthly basis from a Swiss bank account he controlled with the Swiss Lawyer to an account of Steiner Productions located in the United States.

(Title 18, United States Code, Section 371.)

## COUNT TWO
(Subscribing to False Individual U.S. Income Tax Returns)

The United States Attorney further charges:

16.      On or about the filing dates set forth below, in the Southern District of New York and elsewhere, YVONNE SEGGERMAN, the defendant, willfully and knowingly did make and subscribe U.S. Individual Income Tax Returns, Forms 1040, for the tax years set forth below and filed on or about the dates indicated below, which returns contained and were verified by the written declaration of SEGGGERMAN that they were made under penalties of perjury, and which returns SEGGERMAN did not believe to be true and correct as to every material matter, in that SEGGERMAN failed, on Schedule B, Part II, line 7a, to report that she had an interest in, or signatory or other authority over, bank, securities, and other financial accounts in Switzerland, whereas SEGGERMAN then and there well knew and believed that she had an interest in, or signatory or other

authority over, bank, securities, and other financial accounts in Switzerland:

| Tax Year | Approximate Date of Filing |
|---|---|
| 2001 | October 21, 2002 |
| 2002 | October 17, 2003 |
| 2003 | October 19, 2004 |
| 2004 | November 1, 2005 |
| 2005 | October 22, 2006 |
| 2006 | October 22, 2007 |
| 2007 | June 24, 2008 |
| 2008 | October 2, 2009 |

(Title 26, United States Code, Section 7206(1);
Title 18 United States Code, Section 2.)

COUNT THREE
(Subscribing to a False Estate Tax Return)

The United States Attorney further charges:

17.     On or about August 8, 2002, in the Southern District of New York and elsewhere, YVONNE SEGGERMAN, the defendant, willfully and knowingly did make and subscribe an Estate Tax Return that pertained to the estate of her father, who died on May 19, 2001, which return contained and was verified by the written declaration of YVONNE SEGGGERMAN that it was made under penalties of perjury, and which return SEGGERMAN did not believe to be true and correct as to every material matter, in that SEGGERMAN omitted, on line 1, "Total gross estate less exclusion," more than $10 million held in funds and assets held in foreign bank accounts that her father owned, controlled,

-10-

and had a financial interest in at the time of his death, whereas as YVONNE SEGGERMAN then and there well knew and believed, the aforementioned funds and assets held in the foreign accounts should have been included on the Estate Tax Return as part of the decedent's total gross estate.

(Title 26, United States Code, Section 7206(1);
Title 18 United States Code, Section 2.)

*Preet Bharara*
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v -

### YVONNE SEGGERMAN,

**Defendant.**

### INFORMATION

13 Cr.

18 U.S.C. § 371; 26 U.S.C. § 7206(1).

PREET BHARARA
United States Attorney.